JUAN VÉLEZ RÍOS, Plaintiff and Appellant, *v.* JOSÉ TORAÑO, Defendant and Appellee. SAME, Plaintiff and Appellee *v.* SAME, Defendant and Appellant.

Nos. 8785 and 8790. Argued January 14, 1944.—Decided March 28, 1944.

328

*J. Córdova Rivera* for appellant-appellee.  *Antonio Suliveres, Jr.,* for appellee-appellant. ,

Mr. Justice De Jesús delivered the opinion of the court.

The plaintiff, his wife, their small son and the defendant, lived together in a house belonging to the latter where he had stored a certain amount of coffee.  The plaintiff worked as a laborer for the defendant at a monthly salary of $5.00, plus room and board for him and his family, furnished by the defendant.

On the morning of February 15, 1941, the plaintiff went to the town of Utuado to deliver some milk which the defendant sent to Mr. Roses.  After delivering the milk, and upon returning to his home, the plaintiff passed by the bank where the defendant, pointing at him, stated to a policeman that plaintiff had stolen some coffee from him.  A large crowd of persons assembled around the place and although the plaintiff denied the accusation made by the defendant, the policeman arrested him and the three of them, the policeman, the plaintiff and the defendant, went together to police headquarters.  At headquarters, the defendant insisted that the plaintiff had stolen the coffee and had delivered it to two persons, whom he mentioned, so that they could sell it.  Since the plaintiff refused to admit his guilt, but, on the contrary, insisted on his innocence, the policeman took him to the municipal jail where he was confined until the following day when the police released him after

examining the persons who, according to the defendant, had taken part in the deal. As soon as he was discharged, the plaintiff went for his wife and son and moved in with his father-in-law in a ward of Adjuntas, refusing to accept defendant's invitation to remain in his job.

The defendant testified that he had not charged the plaintiff with any offense; that when he noticed that some coffee was missing in his house, he reported the fact to the police; that the latter inquired as to the persons who had access to the coffee; that since the plaintiff lived in the same house where said article was stored, he gave the latter's name to the police, but as they did not know him, the defendant pointed out who the plaintiff was. That the defendant went away to his farm leaving the plaintiff at police headquarters and that it was not until the following day that he learned that the plaintiff had been imprisoned. The defendant admitted that the plaintiff was a good person, and that he had advised him against abandoning his position.

The plaintiff alleged that he had never been convicted of any offense whatsoever, and that as a result of defendant's conduct he had been unable since then to obtain an adequate job, for which reason he had suffered damages in the amount of $5,000.

The lower court believed the evidence for the plaintiff and ordered the defendant to pay to him the sum of $300, as compensation for damages, together with $50 for attorney's fees. Both parties have appealed: the plaintiff, on the ground that the compensation awarded was insufficient, and the defendant because, according to him, the complaint should have been dismissed.

We shall first discuss the appeal taken by the defendant. ■ He argues that the court should have postponed the trial of the case, when the policeman who had been summoned by the court on the day preceding the trial, had failed to appear. The court issued the summons, but since the

notice thereof had to be served through his superior officers at the General Police Headquarters, and inasmuch as the defendant had no knowledge of the policeman's address at that time, it seems that the witness was not timely notified. The court asked the plaintiff if he was willing to consent to the continuance sought by the defendant, but the plaintiff refused, urging that the trial had been set a month ago, and thereupon the court, based on plaintiff's grounds, refused to continue the trial. The defendant was manifestly negligent in waiting until the day before the trial to move that policeman be summoned. In view of the circumstances of this case, the court would not have made proper use of its discretion in decreeing the continuance over the objection of the plaintiff who, as we have seen, is a very poor man, for which reason said continuance would have been necessarily burdensome, unless the defendant would have bound himself to pay the traveling expenses caused to plaintiff and his witnesses in going to Arecibo. Of course, such offer of compensation would not have bound the court, nor the plaintiff, to grant defendant's requests, but perhaps it would have induced the plaintiff to consent to the continuance sought.

If, as testified by the defendant, the plaintiff was so honest that he tried to retain his services after the incident, it can not be understood why the defendant, instead of investigating the matter alone with the plaintiff, acted as he did, without considering that his imputations were heard by the public who assembled in the street, thereby causing prejudice to plaintiff's reputation. In our opinion, the essential facts of the complaint were established, to wit: the malice and the publication. The former clearly arises from the fact that the plaintiff was charged with the offense of larceny without there being probable cause; and the latter was established, not only because the charge was made in the presence of the persons who assembled in the street, *Casa-*

*nova* v. *González Padín Co.*, 47 P.R.R. 461, but also because, as testified by plaintiff's wife, the defendant himself stated to her that plaintiff was confined in jail because he had stolen the coffee. *Lane* v. *Schilling*, 279 Pac. 267, 65 A.L.R. 1042, and monograph in 69 A.L.R. 1023.

■ The defendant argues that the lower court based its judgment on the testimony of Hernández, a witness who, as testified by defendant, was an accomplice, because he was the person to whom the plaintiff had delivered the coffee to be sold. It does not appear from the record, that the lower court based its judgment exclusively on the testimony of Hernández. Regardless of the same, the direct evidence for plaintiff, to which the court gave full credence, is sufficient to support the judgment. Besides the plaintiff and Hernández, other witnesses testified for plaintiff, such as the latter's wife and the warden of the jail of Utuado; but apart from this, we must explain that witness Hernández was not such an accomplice, for even if defendant did charge the plaintiff with the offense of larceny, in the present case he did not attempt to maintain the commission of the offense, but, on the contrary, testified, as we have seen, that the plaintiff was an honest man. If the defendant himself maintained that there had been no offense, there could not have been an accomplice.

■ Considering now the appeal brought by the plaintiff, we do not see how we can increase the compensation awarded to him. His salary, together with room and board, was $5 monthly, and although he states that subsequently he has not secured an adequate position, even without our knowing the wages of the one he did obtain, we do not see how the one he now holds can be compensated worse than the position he had prior to the slander of which he was the object.

■ We should not close this opinion without criticising the illegal conduct of the policeman in arresting and impris-

oning a citizen without taking him previously to a judge in order to obtain a warrant of arrest.

In our opinion, both appeals must be dismissed and the judgment appealed from affirmed.

Mr. Justice Snyder did not participate herein.